United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-17592-amc
Victoria L. Cosenza                                                     Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-4        User: DonnaR              Page 1 of 1              Date Rcvd: Oct 01, 2019
                            Form ID: pdf900           Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 03, 2019.
db             +Victoria L. Cosenza,    1035 Locust Street,    Reading, PA 19604-2226

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 03, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 1, 2019 at the address(es) listed below:
      BRENNA HOPE MENDELSOHN    on behalf of Debtor Victoria L. Cosenza tobykmendelsohn@comcast.net
      KEVIN G. MCDONALD    on behalf of Creditor    U.S. Bank National Association (Trustee for the
       Pennsylvania Housing Finance Agency) bkgroup@kmllawgroup.com
      LEON P. HALLER    on behalf of Creditor    U.S. Bank National Association (Trustee for the
       Pennsylvania Housing Finance Agency) lhaller@pkh.com,    dmaurer@pkh.com;mgutshall@pkh.com
      ROLANDO   RAMOS-CARDONA    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13)
       ecfmail@readingch13.com,    ecf_frpa@trustee13.com
      SCOTT   WATERMAN    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFmail@fredreiglech13.com,
       ecf_frpa@trustee13.com
      SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com,    ecf_frpa@trustee13.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
      WILLIAM EDWARD CRAIG    on behalf of Creditor    Santander Consumer USA Inc.
       ecfmail@mortoncraig.com,    mhazlett@mortoncraig.com;mortoncraigecf@gmail.com
                                                                                                         TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Victoria L. Cosenza<br>Debtor | CHAPTER 13 |
| U.S. BANK NATIONAL ASSOCIATION (TRUSTEE FOR THE PENNSYLVANIA HOUSING FINANCE AGENCY)<br>Movant<br>vs. | NO. 18-17592 AMC |
| Victoria L. Cosenza<br>Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearages referenced in the motion have been cured, and Debtor(s) is/are current on post-petition loan payments through September 1, 2019.

2. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due October 1, 2019 in the amount of $566.00.

3. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

5. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

6. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

7. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date:   September 17, 2019                         By: /s/ Kevin G. McDonald, Esquire
                                                   Attorney for Movant

Date: September 18, 2019                           /s/ Brenna Hope Mendelsohn, Esquire
                                                   Brenna Hope Mendelsohn, Esquire
                                                   Attorney for Debtor

Date: 9/19/19
                                                   Scott F. Waterman, Esquire
                                                   Chapter 13 Trustee

Approved by the Court this  1st  day of October        , 2019.  However, the court retains discretion regarding entry of any further order.

                                                   Bankruptcy Judge
                                                   Ashely M. Chan